111 | 329
144 | 218

BRADY v. THE KANSAS CITY CABLE RAILWAY COMPANY, *Appellant.*

Division One, July 2, 1892.

1. **Parties:** CONTRACT FOR BENEFIT OF ANOTHER: DAMAGES. Evidence that a contract for excavating a street for a cable railroad was made in a third person's name, but at defendant's request and for its benefit, and that the work was paid for out of its funds and its fruits enjoyed by it renders defendant liable for damages resulting therefrom.

2. **Cable Railway:** ABUTTING OWNER: INSTRUCTION. Where the petition claimed damages for permanent injury to plaintiff's land by reason of the reduction of a graded street for a cable railroad, making the property inaccessible except at great expense, an instruction authorizing a recovery of damages caused by the excavation and such use of the street to the market value of such property is proper.

3. ———: ———: ———. The fact that the abutting property was ten feet above the grade of the street does not preclude the owner from recovering damages where the grade is lowered another ten feet.

*Appeal from Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Johnson & Lucas* for appellant.

(1) The court committed error in admitting incompetent and irrelevant evidence. (2) The instruction, numbered 1, given by the court of its own motion was erroneous. The instructions as to the issues made in it are not supported by any testimony, nor by the pleadings. *Brown v. Railroad,* 80 Mo. 457; *Taylor v. Railroad,* 28 Mo. App. 552; *Dunn v. Railroad,* 98 Mo. 652. (3.) The court erred as to the other instructions given by it. (4) A new trial should be granted because there was no reliable and credible evidence tending to show that defendant lowered the grade.

*Scarritt & Scarritt* for respondents.

(1) The court committed no error in its ruling on the evidence nor in giving instructions. (2) The instructions asked by the defendant and refused by the court were properly refused. The constitution says: "Private property shall not be * * * damaged without just compensation" being paid therefor. And we contend that any one who is instrumental in violating this provision of the constitution is liable for the damages that may directly result from such violation. The same doctrine that applies to one or more persons engaged in perpetrating and continuing a nuisance, or a trespass, it would seem, ought to apply to a case like this. *Tate v. Railroad,* 64 Mo. 149; *Alexander v. Relfe,* 74 Mo. 495. (3) The adoption of the acts of Lillis in doing the damage by paying him therefor would bind defendant, if nothing more were shown.

*Kiley v. Forsee,* 57 Mo. 390; *Southgate v. Railroad,* 61 Mo. 89; *Bank v. Fricke,* 75 Mo. 178; *Holmes v. Board of Trade,* 81 Mo. 137.   (4)   A corporation is bound by the admissions of its officers.   *Maleck v. Railroad,* 57 Mo. 19.

BRACE, J.—This is an action for damages.

It is charged in the petition that the plaintiff is the owner of lot F in Gladstone Heights Resurvey (an addition to the City of Kansas); that said lot abuts on Independence avenue, a public highway; that the defendant for the purpose of constructing and operating its railroad thereon, without plaintiff's consent, entered upon said street in front of the plaintiff's lot and excavated or caused to be excavated and taken therefrom the soil thereof so as to lower the grade of said road to a depth of about ten feet in front of plaintiff's lot lower than it previously was, thereby leaving plaintiff's lot about twenty feet above the grade so made, to the damage of plaintiff in the sum of $3,000.

The answer was a general denial, and a special plea; that was disposed of by the reply.   The plaintiff made a *prima facie* case of ownership, and that issue is not now contested here.

The court submitted the case to the jury on the following instructions, after refusing all those asked for by each party:   "1.   The court instructs the jury that if they believe from the evidence that James Lillis, under a contract with the defendant, made or caused to be made the excavation in front of the plaintiff's (Mrs. Brady's) lot, for the purpose of constructing and the operation of defendant's cable railway in the road spoken of as Independence avenue, and such act and said use of said road by defendant damaged the market value of said plaintiff's lot, then the verdict

will be for the plaintiff for the sum that said lot was thereby damaged in its market value.

"2. If the market value of the lot in question immediately after the excavation, the construction and putting into operation of the cable railway in question was equal to what it was, or of greater value than it was, before the excavation complained of was made, then the verdict must be for defendant, even though the jury should find every other issue for the plaintiff; and this is the law even though the property may not have been left in so shapely a condition, and was not so accessible with vehicles, and was not at all accessible from the public highway with vehicles, and not otherwise adapted to the purposes of plaintiff as before such excavation; nor does it make any difference that the lot in question may have derived less increase of value from the construction and operation of the cable railway than other lots along the line of such cable railway.

"3. If the excavation complained of was done by James Lillis under contract with the agents of the Kansas City & Independence Railway Company and not with the defendant, then the verdict will be for the defendant. The defendant cannot be held in this action for any injury done to the property in controversy by any other person or corporation, and in this connection you are instructed that, if you believe that the injury complained of by plaintiff, if any, was caused by the county of Jackson in grading said street the full width, then plaintiff cannot recover herein."

After the jurors had retired to deliberate upon a verdict, they returned in open court, and submitted to the court the following question in writing:

"If we believe that the excavation complained of was done by James Lillis under the contract with the agent of the Kansas City & Independence Railway Company, and further believe that the Kansas City & Independence

Railway Company were acting as agents for the defendant, the Kansas City Cable Railway Company, can we find for the plaintiff?                    T. H. PREST,
"Foreman."

The court thereupon gave the following further instruction to the jury in writing: "The court answers the question of the jury in the affirmative, provided the jury believe from the evidence that the market value of the lot in question was damaged by such excavation when considered in connection with advantages thereto, if any, in the construction and operation of the cable railway to, from and in front of said lot as shown by the evidence."

The jury returned a verdict for plaintiff for $600, and defendant appealed.

I.    Three questions asked by counsel for plaintiff of the witnesses are complained of, but, upon examination of the evidence elicited thereby, as it appears in the record, we find the evidence either unobjectionable or of too little significance to affect the issue.

II.    The first instruction is criticised on the ground that there was no evidence that James Lillis made the excavation under a contract with the defendant. This objection is not well grounded; for, although there was evidence tending to prove that the contract was made in the name of the Kansas City & Independence Railway Company, a corporation controlled by the same officers as those of the defendant, yet the evidence tended to prove that the contract, if there was such an one, was made at the instance of the defendant, and conclusive that it was made for its benefit; and that the work was done by its direction, by its general contractor for such work, and paid for with its funds, and the fruits of it are exclusively in its enjoyment. In fact this instruction in this respect, when read in

connection with the third, presented plaintiff's case so narrowly for the plaintiff that a miscarriage of justice seems only to have been avoided by the timely inquiry of the jury, which enabled the court in a further instruction to present the case to them more clearly.

III. It is further urged against this instruction that it introduced into the case an element of damage, not within the pleadings, by authorizing a recovery for damages caused by the use of the road. This is a very narrow view indeed to take of the petition. As we construe it, plaintiff's action was not for a temporary trespass or nuisance committed by removing the soil of the road, which might be compensated for by again restoring the road to its original grade, but for a permanent injury to plaintiff's property, growing out of, not only the reduction to, but the permanent and authorized use of the road at, a grade made, and to be continued for all time, that would render plaintiff's property inaccessible from the highway without great expense. For such injury the plaintiff was entitled to compensation, and this instruction properly author-. ized it.

IV. The second instruction is criticised upon the ground that it is broad enough to admit an element of damage not the result of the excavation for the purpose for which it was made, but of a decrease in the market value from other causes. When this excluding instruction in favor of the defendant and in qualification of the first is read in connection with it, the point of this criticism disappears at once. The only damage authorized by the instructions when so read was the damage to the market value of the property caused by the acts complained of. No force would have been added to this reading by defendant's first instruction, refused. The vice attributed to the second instruction of the court is

Fulks v. The St. Louis & S. F. Ry. Co.

in fact to be found only in the second of defendant's refused instructions.

V. The court committed no error in refusing defendant's third instruction predicated upon the theory that the grade of the road in front of defendant's lot was lowered by the Kansas City & Independence railway upon the ground that there was no evidence to support it. The only connection that company had with the work was in name and on paper; the work on the ground was done by and for the defendant as before stated, and for the consequences thereof it was properly held responsible.

VI. In answer to the argument of counsel in support of defendant's fourth refused instruction, it is only necessary to say that we fail to see, because plaintiff's lot may have been ten feet above the grade of the road before the excavation was made, and, therefore, somewhat inaccessible, why that lot would not be damaged by being put twenty feet above the grade of the road, and thereby rendered more inaccessible.

The instructions on the whole placed the case very favorably before the jury for the defendant, and we find no ground for the reversal of the judgment; it is, therefore, affirmed.

All concur, except BARCLAY, J., absent.