BERKSON *et al.*, *Administrators of* McGONEGAL v. KANSAS CITY CABLE RAILWAY COMPANY *et al.*, *Appellants*.

### Division One, May 24, 1898.

1. **Appellate Practice:** WHAT ERRORS CONSIDERED. Only such errors as are fatal to the merits of an action, although appearing on the face of the record, will be considered on appeal.

2. **Tort:** JOINT WRONG-DOERS. Between joint wrong-doers no right of contribution exists, nor can one be heard to complain that all guilty of the tort have not been included in the same action, or included in one common judgment for damages for the injury done plaintiff. So that if a jury found that a cable car company was guilty of a tort in the nature of a trespass, in entering upon and changing the grade of a street in front of plaintiff's property, it was liable for the entire damages thereby caused, it matters not how many other railway companies or who else participated in the tort, and can not complain because no finding was made against the other defendants. (Distinguishing *Ferguson v. Thacher*, 79 Mo. 511.)

3. ——: ——: DISMISSAL AS TO SOME. And where several wrong-doers are joined as defendants, charged with the same tort, plaintiff may dismiss, at any stage of the proceedings, as to anyone or more of them without affecting the merit of the action as to the others.

4. **Practice:** SELF-INVITED ERROR. When a party has asked the judgment of a jury on a given issue, it will not afterward be heard to complain because that issue was submitted to them.

5. **Measure of Damages:** WORD "COMMUNITY." The use of the word "community" in an instruction instead of "neighborhood" or "vicinity," in an action for damages done one's property by changing the grade of a street, had no tendency to mislead the jury, and objection thereto is technical rather than substantial.

6. ————: EXCESSIVE DAMAGES: FINDING OF THE JURY. Where the testimony of plaintiff and his witnesses shows damages far in excess of the amount awarded by the jury, and the instructions as given correctly define the measure of damages, this court will not reverse the judgment on the ground of excessive damages.

*Appeal from Clay Circuit Court—*HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Karnes, Holmes & Krauthoff* for appellants.

(1) The jury awarded the plaintiffs $3,500 damages for the grading above referred to, and this, we think, was clearly excessive, and the result of passion and prejudice, and contrary to the overwhelming weight of the credible testimony in case. (2) Plaintiff's instruction number 1 was erroneous. The word community, as used in this instruction is improper. It is not synonymous with neighborhood or vicinity, and is in itself misleading and should have been clearly defined in the sense in which it is used in the instruction. But even if it were not subject to this objection, the instruction is further grievously erroneous in that the general benefits which the jury is required to leave out of consideration are benefits "from the fact that a cable railroad is built in front of the same," thus practically eliminating any distinction whatever between general and special or peculiar benefits by placing the benefits derived from the construction of the road in

front of the property in the category of general benefits. (3) Plaintiff's instruction 2 was erroneous. This instruction submits to the jury the question whether "the Kansas City and Independence Railway Company were acting as agents for defendant Kansas City Cable Railway Company for the purpose of constructing and operating this railroad." (4) The verdict is erroneous in that it did not find all the issues. The verdict of the jury made no finding whatever as to any of the defendants except the Kansas City Cable Railway Company, and this is reversible error.. *Ferguson v. Thacher*, 79 Mo. 511; 1 Graham and Wat. New Trials, p. 140 *et seq.* It is very material for the Kansas City Cable Railway Company to have a finding as to its codefendants. We have seen, and it was practically undisputed by the testimony that the cutting was actually done by the defendant Lillis as the contractor under a contract with the defendant, the Kansas City and Independence Railway Company, and they were, therefore, liable if anybody was, for the damages done, and if the court could hold this to be a verdict in their favor, it could, under the testimony, only be sustained or accounted for on the ground that the jury had found that in fact no damage had been sustained.

*Scarritt, Griffith & Jones, Henry Wollman* and *Alexander New* for respondents.

(1) The evidence warranted a verdict for the plaintiffs of $50 per front foot. Under this evidence a verdict of $16.67 a front foot is not excessive. (2) Plaintiff's first instruction conforms to the law as declared in the recent decisions of this court. *Hickman v. Kansas City*, 120 Mo. 110; *Spencer v. Railroad*, 120 Mo. 154; *Smith v. St. Joseph*, 122 Mo. 643; *Kansas City v. Morton*, 117 Mo. 446. The erudite criticism of

the use of the word "community" in this instruction is entertaining to the scholarly mind; but, if the word has a broader signification in common parlance than "neighborhood" or "locality," its use in the instruction is doubtless more favorable to defendants than a better word would have been. *Haniford v. Kansas City*, 103 Mo. 183. (3) Where the facts are in dispute agency is a matter for the determination of the jury. *Hamilton v. Ins. Co.*, 94 Mo. 353. The evidence is sufficient to sustain a verdict against the cable company. If the evidence tends to show that the Kansas City and Independence Railway Company figured nominally in the contract for the work it also proves that to have been a corporation without a treasury or even a treasurer; whose officers and attorneys were the same as those of the cable company; and that the work was done at the instance of and for the benefit of the cable company. (4) The irregularity of the verdict in not finding expressly either for or against defendants Lillis and the Kansas City and Independence Railway Company is not reversible error. The judgment is entered in due form in favor of the plaintiffs against the defendant cable company, and in favor of the other two defendants. Lillis and the Kansas City and Independence Railway Company can not complain of this judgment, as it is favorable to them. The cable company can not complain of the form of the verdict of judgment because there is no right of contribution between wrong-doers. Plaintiffs had the right, if they saw fit, to dismiss this action even in this court as to the two servants of defendant cable railway, and the cable company could not complain of that action. If, as the jury found, it was guilty of a tort in the nature of trespass, it was liable for the entire amount of damages caused by its act, without reference as to who, or how many others, participated in the

same wrong. (5) The irregularity of the verdict was not called to the attention of the trial court either in appellants' motion for a new trial or in arrest and therefore can not be considered by this court. *Sweet v. Maupin*, 65 Mo. 65; *Lilly v. Menke*, 126 Mo. 213; *Persinger v. Railroad*, 82 Mo. 196; *State ex rel. v. Scott*, 104 Mo. 31; *State ex rel. v. Tate*, 109 Mo. 265; *Bensieck v. Cook*, 110 Mo. 183; *Neenan v. St. Joseph*, 126 Mo. 89.

ROBINSON, J.—This action was begun to recover damages to abutting private property charged to have resulted from a change of grade of Independence avenue just east of the eastern limits of Kansas City. The action was against the defendants, the Kansas City Cable Railway Company, the Kansas City and Independence Railway Company, and James Lillis. The case was tried by a jury, under instructions from the court, resulting in the following verdict: "We the jury find for plaintiffs, and against the defendant the Kansas City Cable Railway Company and do assess their damages at $3,500. Oscar Thompson, foreman." On this a judgment was duly entered against the Kansas City Cable Railway Company and in favor of the other two defendants. After unsuccessful motions for a new trial and in arrest of judgment the defendants have prosecuted their appeal to this court.

Just what grievance has been done the defendants Lillis and the Kansas City and Independence Railway Company by the rendition of a judgment in their favor, has not been very definitely suggested. Usually such judgments meet the defendants' highest approval and we are unable to see now by this appeal how their condition can be improved or why they should be heard to complain.

Four assignments of error have been made and

argued by the counsel for appellants in the briefs filed herein as follows:

*First.*    The damages are excessive.

*Second.*    Plaintiff's instructions number one and two were erroneous.

*Third.*    There was no evidence to authorize a verdict against the Kansas City Cable Railway Company.

*Fourth.*    The verdict is erroneous in that it did not find all the issues.

These we will notice in the inverse order of their presentation to us.

I.    Was the failure of the verdict to find expressly for or against the defendants Lillis or the Kansas City and Independence Railway Company reversible error, in view of the action of the court thereon, and of the non-action of the defendant the Kansas City Cable Car Company at the time?    Judgment was entered by the trial court in due form for the plaintiff, against the defendant the Kansas City Cable Car Company, of whom alone the jury found guilty as charged in plaintiff's petition, and in favor of the other defendants, Lillis and the Kansas City and Independence Railway Company, against whom no verdict was expressly rendered.    The last two defendants did not complain of the court's action in this particular in their motion for a new trial (and really no grievance was done to either of them by the judgment), neither did the defendant the Kansas City Cable Car Company in its motions for a new trial or in arrest of judgment, call to the attention of the trial court the irregularity of the verdict, or the error of the judgment entered thereon, if error it be considered.    Only such errors as are fatal to the merits of an action, although appearing upon the face of the record, will be considered on appeal.    *State ex rel. v. Scott*, 104 Mo. 31, and cases cited.    In fact, the statute expressly inhibits the reversal of judgments by this court unless

it shall believe that error has been committed against appellant or plaintiff in error materially affecting the merits of the action. R. S., sec. 2303. If the jury found that the cable car company was guilty of a tort in the nature of a trespass in entering upon and changing the grade of the street in front of plaintiff's property it was liable for the entire amount of damages caused by its act, without reference to the question as to who else or how many others participated in the same wrong. Between joint wrong-doers no right of contribution exists, that one can be heard to complain that all guilty of the wrong have not been included in the same action or included in one common judgment rendered as the result of its prosecution. The plaintiff could at any stage of the proceedings have dismissed as to any one or more of the defendants without consent of the remaining and without affecting in the least the merit of his action or the character or amount of his judgment. Neither the amount nor character of the judgment that would follow the prosecution of his action would be in anywise affected, and if so how can it be said that error was committed against the Kansas City Cable Car Company materially affecting the merits of the action in so far as it is concerned? The application of the rule declared in the case of *Ferguson v. Thacher*, 79 Mo. 511, cited by appellant, has no force here. In that case the plaintiff below was the plaintiff in error, and his complaint was that the jury had not found any verdict as to two of the defendants, and that the judgment likewise was silent as to the liability of those defendants. There the error complained of materially affected the right of the party making complaint. To have the right to a verdict and judgment against three defendants is not satisfied by a verdict and judgment against but one of them, so far as concerns plaintiff, who asked for judg-

ment against all; but the force of that objection is
without vitality when invoked by one of three code-
fendants against whom a verdict has been found, and
upon which a judgment has been duly entered, when
the liability of the joint tort committed was both joint
and several, and with no right of contribution existing
among the joint tort feasors if one only of the number
should pay or be adjudged to pay all the damages.
Neither the one adjudged guilty nor the ones not con-
demned by the verdict have a just ground of complaint.

II.    Appellant's next contention that "there was
no evidence to authorize a verdict against the Kansas
City Cable Railway Company" and its objection to
plaintiff's second instruction to the effect, "that if the
jury believe from the evidence the excavation of Inde-
pendence avenue in front of plaintiff's property was
done by James Lillis under a contract with the Kansas
City and Independence Railway Company, and they
further believe that the Kansas City and Independence
Railway Company were acting as the agents for defend-
ant, the Kansas City Cable Railway Company, for the
purpose of constructing and operating its railroad
thereon, and such act and use of said road damaged the
plaintiff's property herein referred to, all the defendants
are liable for the amount of such damages," may prop-
erly be considered together.   Practically the same ques-
tion was raised and discussed in the case of *Brady v. K. C.
Cable R'y Co.* (the same defendant), 111 Mo. 329, under
the same state of facts as were shown in this case, with
an adverse ruling then to appellant's contention now, the
plaintiffs in this, and that case, owning adjoining prop-
erties fronting on Independence avenue, where the ex-
cavation is charged to have been made by defendants.
As was said in that case, so it can be said in this: "For
although there was evidence tending to prove that the
contract (for grading down the street) was made in the

name of the Kansas City and Independence Railway Company, a corporation controlled by the same officers as those of the defendant (the cable car company), yet the evidence tended to prove that the contract, if there was such an one, was made at the instance of the defendant (the cable car company) and conclusive that it was made for its benefit; and that the work was done by its direction, by its general contractor for such work and paid for with its funds, and the fruits of it are exclusively in its enjoyment." Not only was the trial court justified by the evidence in submitting to the jury the question as to whether or not the Kansas City and Independence Railway Company was acting as the agent for the Kansas City Cable Car Company, but the conclusion of its existence was so manifest that the jury could not well have resisted it. The jury no doubt concluded that the Kansas City and Independence Railway Company was a mere substanceless corporate creation, used to conceal from view the real operator, the cable car company, and to that fact, in part, may be attributed the failure of the jury to mention that company in its finding.

Again, the cable car company should not now be heard to complain of the action of the trial court in submitting the question of agency to the jury, for at its instance the following instruction was submitted and given to the jury:

"Although you may believe that the Kansas City Cable Railway Company furnished the money to its co-defendant, Kansas City and Independence Railway Company, to construct its road, under a contract that it should thereafter operate the same, this does not authorize you to find against the cable company. You must further believe that the same was done for the cable company, and that the Independence company

was acting for the cable company in so doing, and unless you so believe you will find for the cable company."

When the appellant itself has asked the judgment of the jury upon a given issue, it will not afterward be heard to challenge the verdict on the ground that the issue was improperly submitted to them. So also while it might be said as a general proposition, that the question of agency is one for the consideration of the court, when the facts out of which the agency may be deduced are in dispute as in this case. Agency, like any other controverted question, is a matter for the determination of the jury.

III. We think that appellants' objection to the plaintiff's second instruction regarding the measure of damages is rather technical than substantial. The instruction reads: "And in determining the amount of such damage, if any, you should consider the value of the property before the work was done and the value thereof immediately after the same was done, but in determining the value of the property after the work was done, you should not take into consideration such general benefits, if any, as the plaintiff's property derives in common with the other property in the same community from the fact that a cable railroad is built in front of the same; and if you find that the value of such property immediately after the work was completed, less the general benefit, if any, sustained therefrom, as aforesaid, was less than the value thereof immediately before the work complained of was begun, and that depreciation in value was caused by reason of the acts of the defendants, or either of them, hereinbefore referred to, then your verdict should be for the amount of such difference."

The term "community" as used therein, while not a complete synonym for "neighborhood" or "vicinity" (the terms generally used in this character

of instruction) certainly had no tendency to mislead the jury unfavorably to defendants. In common parlance, and as the jury probably understood the meaning of the word "community," it has a broader significance than the word "neighborhood" or "locality" and for that reason would seem more favorable than otherwise to appellant. Nor do we think, as is further contended by appellants, that the instruction "first tells the jury to leave out of consideration general benefits from constructing the road in determining the value of the property after the work was completed, and then requires them after having thus left the general benefits out of consideration to go further and deduct from the value of the property thus found the amount of such general benefits, and then give the difference as damages between this reduced valuation and the value before the work was done." Though the instruction is not as happily worded as it might have been, we do not think the jury would give to it the strained construction claimed by respondents, and there is nothing in the amount of the damages awarded to indicate that they did. This court will not reverse a case for every obscurity or inaccuracy of expression that an instruction may contain; but, to warrant its action in that behalf, there must exist some positive error, such as in the opinion of the court substantially affects the merits of the action. *Haniford v. Kansas City*, 103 Mo. 172, and cases cited.

IV. This brings us to the consideration of appellant's first ground urged for a reversal, that the damages are so excessive as to indicate prejudice on the part of the jury in making the award. Where there is testimony given by plaintiff and his witnesses, as in this case, to the fact of plaintiff's damages, and to the extent thereof largely in excess of the amount awarded by the jury, and the instructions as given,

correctly defined the measure of damages, there is nothing for this court to do but to affirm the judgment predicated thereon. The questions as to the amount of plaintiff's damages, is peculiarly and exclusively the province of the jury, under the Constitution and laws of this State, and in the exercise of that prerogative they are restricted in so far as concerns the appellate court, only by the limitation of the testimony. While the jury had no right to make a finding beyond the range of the testimony offered (that is, beyond an amount where testimony reached), within that range and limitation its determination, in this court, is final and conclusive. The award of excessive damages, constitutes no error of law, the review alone of which this court has authority and power to make.

In a strict legal sense there is no such thing as a verdict indicating prejudice and passion on the ground alone of its amount, if it is within the limits of the testimony given, in so far as concerns the considerations of this court. That question must be addressed to the trial court, where alone the right to examine into the facts considered and passed upon by the jury is vested, before its judgment upon the verdict is required. If the jury have been properly instructed on the measure of damages in a case disclosing the existence of substantial damages, no question of law is involved in the consideration of the amount of the verdict, but one solely of fact, and as such, it falls outside the jurisdiction of inquiry of this court, as do all questions upon the weight of evidence. If, however, the verdict was beyond the limit of the testimony then it might be said to be a verdict without testimony, and for that, this court could say as a legal conclusion, it was erroneous and the judgment based thereon must be reversed; but within that limit this

·court can not enter to determine how much the verdict is excessive, or what excess justifies the conclusion that the verdict was inspired by prejudice or passion. To determine the question as to the excess of a verdict, necessarily involves the idea of determining what is and should be the proper verdict, and that as above said, is purely a question of fact, and like all other issues of fact, falls within the special province of the jury, and this court has no better or higher right to substitute its judgment on that issue for that of the jury, than upon any and all other issues of fact.

If it can ever be said that this court in a suit like this for damages has the right to set aside a judgment based upon a verdict on the ground that its amount indicated prejudice or passion on the part of the jury, the verdict must have been without the limit and beyond the range of the testimony, and not what this court, within that range, might determine to be proper, and from that say that the amount above its finding and judgment is excessive. In the late case of *Rodney v. Railroad*, 127 Mo. 676, this court while announcing that it was satisfied that the damages awarded by the jury were excessive, refused to order a *remittitur* for the supposed excess, as a condition of the affirmance of the judgment, or to reverse the judgment on that ground, because of the want of authority, and power in this court to exercise that prerogative.

The judgment of the circuit court will be affirmed. All concur in the result, and in the opinion except that part of the fourth paragraph beginning with the third sentence thereof.