A. L. BROWNING et al., Respondents, v. G. M. DOR-
TON, Appellant.

Kansas City Court of Appeals, May 9, 1910.

1. **PARTIES: Action in Partnership Name.** If an action is
brought before a justice of the peace in the partnership name,
without giving names of the partners, the statement may be
amended in the circuit court by adding the individual names.
And if the case is tried on the theory that the amendment is
made, defendant cannot complain on appeal that the record does
not show an allowance of the amendment.

2. **EVIDENCE: Practice.** If the defendant does not offer a de-
murrer to the evidence in the trial court, but submits the case
by instructions on issues of fact, he cannot complain on appeal
that there was no evidence to justify the verdict.

Appeal from Ray Circuit Court.—*Hon. F. H. Trimble,*
Judge.

AFFIRMED.

J. L. *Farris, Jr.,* for appellant.

*Maurice G. Roberts* for respondents.

ELLISON, J.—This action is brought by plaintiffs
as partners to recover a commission for having brought
about the sale of defendant's farm. Plaintiffs had
judgment in the justice's court, and again in the cir-
cuit court on a trial without the aid of a jury.

The statement filed before the justice was in the
name of "A. L. Browning & Co.," without giving the
names of the partners. It was amended in the circuit
court by supplying or adding those names. The amend-
ment was properly allowed.

But the record does not affirmatively show permis-
sion to amend. The case was tried as though the amend-
ment was in fact made. And defendant treated it as

made, for by his motion for new trial he assigns that fact as one of the errors committed. In our opinion he has no just ground of complaint.

But it is earnestly insisted that there was no evidence to sustain the finding of the trial court. We think that if we apply the rule that plaintiffs, on appeal, are entitled to every reasonable inference to be drawn from the evidence, and circumstances shown in evidence, the finding is sufficiently supported. But aside from that consideration, defendant himself granted the sufficiency of the evidence by not asking a demurrer thereto and by asking and having given each of his instructions submitting the cause to the court as a jury. When that is done, he cannot complain on appeal on the ground of there being no evidence to justify a finding against him. [Dunlap v. Griffith, 146 Mo. 283, 289; Berkson v. Railway Co., 144 Mo. 211, 220; Gayle v. Missouri Car Co., 177 Mo. 427, 449.]

Defendant asked several instructions and they were all given. Plaintiffs did not ask any. The views above expressed dispose of the principal contentions made against the judgment. An examination of the entire record fails to disclose any error justifying our interference with the judgment, and it is accordingly affirmed. All concur.