Theresa MILLER, Plaintiff-Respondent,

v.

The AMERICAN INSURANCE COMPANY, a Corporation, et al., Defendants,

Roger F. Malone and James R. Malone, a Co-Partnership d/b/a Malone Roofing Company, and Earl W. Lauer, d/b/a Home Comfort Sales, Defendants-Appellants.

Nos. 33011, 33012.

St. Louis Court of Appeals.

Missouri.

March 18, 1969.

Louis S. Czech, Clayton, for Roger F. and James R. Malone, d/b/a Malone Roofing Co.

George J. Bagot, Clayton, for Earl W. Lauer, d/b/a Home Comfort Sales.

Gerald L. Seegers, Clayton, for respondent.

CLEMENS, Commissioner.

Plaintiff got a $5,000 verdict and judgment for rain water damage to her home that occurred when workmen left the roof uncovered during repairs. The appealing defendants are the building contractor, Earl W. Lauer, and his subcontractors, Roger F. and James R. Malone. (Plaintiff also sued her insurer but lost that claim by jury verdict; she took no action against that verdict, and it stands.)

The determinative issue: Is plaintiff entitled to recover for *all* water damage to her home when only *part* of that damage was caused by the defendants' failure to substantially perform their work? We say no, and remand for a new trial. An incidental issue: Where a contractor fails to substantially perform his contract to repair property, does the owner's cause of action rest in tort or for breach of contract?

Plaintiff pleaded that her roof was damaged by wind and hail; that thereafter she contracted expressly with defendant Lauer to tear off the top layer of the old roof and replace it, for $390; that Lauer thereafter employed defendants Malone to do the job; that the Malones began the work but left the roof partly uncovered overnight, thus exposing plaintiff's house to a heavy rain; that the interior walls, ceilings and furnishings were damaged to the extent of $8,500.

The verdict-consistent evidence: In April of 1964 a severe hail storm damaged both the roof and siding of plaintiff's home. The roof was pock-marked by hailstones the size of golf balls; the siding was severely damaged and loosened "every two or three feet." Plaintiff settled with her insurer, receiving $390 for roof damage and $146 for other damage. She then contracted with defendant Lauer to repair the roof for $390. Thereafter defendant Lauer contracted with the Malones to do the job for $352. On the morning of November 27, 1964, the Malone workmen tore off the top layer of the old roof; by 11:30 they had reshingled half the roof. Plaintiff then left home for an overnight visit. Sometime before reshingling the other half of the roof the Malone men left the job. A cloudburst sent rain pouring into the house through the roof and blowing in through the loosened siding, soaking the interior walls, ceilings and furnishings.

The rain damage depreciated the reasonable market value of plaintiff's house from $12,500 to $5,000. Additionally, the reasonable cost of damaged furnishings came

to $638.76. Plaintiff's expert witness, Mr. Carl J. Hoffsten, estimated the cost of repairing the water damaged house at $3,945.15. He did not distinguish between house damage caused by water coming through the roof and water coming through the hail-damaged siding, a source of damage unconnected with the Lauer roofing contract. Plaintiff acknowledged that the damaging rain of November 27–28 came through both the loosened siding and the partly uncovered roof. On plaintiff's redirect examination: "Q. Are you able to tell which of the water that was in your house came in through the walls and which came in through the roof? Can you tell the jury which was which? A. Well, it came in so much that I wouldn't be able to tell you or I don't think anyone else would be able to tell you how it got in there but there was water everywhere."

■ The defendants object to plaintiff's damage submission, contending it failed to limit recovery to damage caused by leaving the roof uncovered. In her verdict director plaintiff hypothesized that "rain did enter the interior of the house" and that "as a direct result thereof, the plaintiff's house and the contents therein were damaged." The measure of damages was submitted by MAI 4.01, allowing for damages sustained as a direct result of the *occurrence* mentioned in evidence. Defendants complain about the unexplained word "occurrence". Reading the verdict director and the damage instruction together, "occurrence" means the rain water entering the house. This would allow for damage to the house not only by rain that came through the uncovered roof but also for damage from rain blown through the loosened siding.

MAI 4.01 thus harnessed the defendants with damages for which they were not liable. We reach this conclusion in the light of basic principles of allowable damages. The basic rule of damages for a breached contract is that compensation should be equal to the injury "subject to the condition that the damages be confined to those naturally and proximately resulting from the breach * * *." (Minneapolis Threshing Mach. Co. v. Bradford, 206 Mo.App. 609, 227 S.W. 628[2]; McDaniel v. United Rys. Co. of St. Louis, 165 Mo.App. 678, 148 S.W. 464[9].) The converse of this is that "A plaintiff may not recover damages for a loss not shown to be a proximate consequence of defendant's wrong." (Rogers v. Thompson, 364 Mo. 605, 265 S.W.2d 282[5].) This accords with the oft-quoted statement in Warner v. St. Louis & M. R. R. Co., 178 Mo. 125, 77 S.W. 67[5]: "If the injury may have resulted from one of two causes, for one of which, and not the other, the defendant is liable, the plaintiff must show with reasonable certainty that the cause for which the defendant is liable produced the result; and, if the evidence leaves it to conjecture, the plaintiff must fail in his action."

In failing to qualify the word "occurrence" in MAI 4.01, plaintiff ignored the MAI Committee's Notes on Use: "The word 'occurrence' should be adequate except in cases where there is evidence that two different occurrences produced the injury with defendant being responsible for only one. In such cases counsel will need to substitute some descriptive term which will properly limit the jury to the occurrence produced by defendant." (Compare Buffington v. Fairground Sales Co., Mo.App., 402 S.W.2d 59[7], and Gant v. Scott, Mo.App., 419 S.W.2d 262[4].) On retrial plaintiff should modify her damage submission to limit recovery to damage from water coming through the roof. (This, of course, will compel plaintiff to produce evidence to support that limited element.)

The defendants also complain that plaintiff's verdict director improperly submitted issues of whether the Malones were *employed* by Lauer and whether the roofers were *employees* of the Malones. We will not rule these points. This, since the case must be remanded because of the damage submission; and at retrial on a different liability submission, the claimed errors will not arise.

We say a different submission because plaintiff submitted her case in tort rather than for a breach of contract. The source of duty owed to plaintiff was her contract with Lauer whereby he promised to repair her roof. Impliedly Lauer thereby promised to do the job in a substantial manner. (Hotchner v. Liebowits, Mo.App., 341 S.W.2d 319[5].) Plaintiff pleaded that her damage resulted from the defendants' "negligence, failures and omissions." In State ex rel. Cummins Missouri Diesel Sales Corp. v. Eversole, Mo.App., 332 S.W.2d 53[4–7], we ruled that the "negligent" failure to repair an engine was a breach of contract, not a tort, saying: "The failure to properly perform by defendant was a failure to discharge its agreement, and was solely a breach of contract. No refinement of reasoning can or should avoid such conclusion, and the fact that the acts constituting the breach of contract are alleged as negligently done does not change the situation. [Citing cases.]" That decision seems to fit this case. On retrial plaintiff should determine whether her cause of action, instead of being in tort, was for breach of an express contract whereby defendant Lauer, the contractor, promised expressly to repair plaintiff's roof and promised impliedly to do so in a substantial manner.

This would bring up a related question, one not raised by defendants Malone: an owner's right upon breach of contract to recover from a subcontractor. This should be considered by plaintiff on retrial. (See Kahn v. J. A. Prahl Contracting & Bldg. Co., Mo., 414 S.W.2d 269[2, 3], and Zweifel v. Lee-Schermen Realty Co., Mo.App., 173 S.W.2d 690[4–6].)

The judgment is reversed and the cause is remanded for a new trial as to the appealing defendants.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court.

Accordingly, judgment is reversed and the cause is remanded for a new trial as to defendants Earl W. Lauer, Roger F. Malone and James R. Malone.

RUDDY, P. J., and WOLFE, J., concur.