**GREAT AMERICAN INSURANCE COMPANY, Plaintiff-Respondent,**

v.

**PEARL PAINT COMPANY, Defendant-Appellant.**

**No. 49911.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 21, 1986.

**602**

Alan E. Popkin, Clayton, for defendant-appellant.

Jeffrey L. Cramer, St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from a judgment of the trial court sustaining plaintiff's motion for summary judgment in a declaratory judgment case. The court determined that plaintiff has no duty to defend defendant in a suit against it. We affirm.

The underlying litigation involves a lawsuit by an employee of defendant, Phyllis Stoll. In Count I Stoll alleges her status as an employee, that as part of her employment arrangements it was agreed that defendant would deduct money from Stoll's pay to obtain and maintain health and hospitalization insurance for Stoll, that such amounts were deducted, that defendant failed to enroll and maintain Stoll in such insurance programs, that this failure was the product of negligence, and that as a result of defendant's negligence Stoll suf-

fered injuries and losses. Count II incorporated the allegations of Count I except the charges of negligence and alleged that Stoll sustained injuries and damages as a result of defendant's breach of contract. Defendant is insured by plaintiff's comprehensive business liability policy. By its declaratory judgment action, plaintiff sought a declaration that no coverage was afforded under that policy for the Stoll suit.

The policy contains three provisions of consequence here:

"Insuring Agreement

"The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of *bodily injury, property damage, personal injury* or *advertising offenses* to which this insurance applies, caused by an occurrence, ...

"Business Liability Exclusions

Under Coverage C, this policy does not apply:

4. to liability assumed by the *insured* under any *contract* or agreement except a *contract* defined in this policy; ...

"Definitions

"*Contract* means any written contract or agreement ... wherein the *named insured* has expressly assumed liability for damages to which this policy applies...." (Emphasis in original).

It is admitted that the employment agreement between defendant and Stoll was oral.

Defendant advances the argument that "occurrence" is broad enough to encompass contract claims and that inasmuch as the word did not carry emphasis it was used in its everyday use and not as defined in the policy. The definition utilized in the policy is that "occurrence means an accident ..." which in turn is considered by Missouri courts to mean injury caused by the negligence of the insured. *Northwest Electric Power Cooperative, Inc. v. American Motorists Insurance Company,* 451 S.W.2d 356 (Mo.App.1969) [7–10]. See also *Continental Insurance Company v. Bussell,* 498 P.2d 706 (Alaska 1972). While we

entertain great doubt of the validity of defendant's argument we need not reach the question.

Exclusion 4 excludes coverage for liability assumed by contract or agreement except liability assumed under a written indemnity contract. Stoll does not seek recovery under a written indemnity contract; she seeks recovery under an oral employment agreement. Exclusion 4, by its plain language applies. *Continental Insurance Company v. Bussell, supra.*

Defendant asserts that Stoll's cause of action is not under contract but under negligence. That is what Count I of her petition states. But the only obligation of defendant to furnish medical and hospitalization insurance arises from the employment agreement. It is the breach of that duty under the contract which gives rise to the lawsuit. That the breach occurred negligently rather than intentionally does not change the fact that liability arises from contract not tort. *Miller v. American Insurance Company,* 439 S.W.2d 238 (Mo. App.1969) [5, 6]. The policy affords no coverage for the Stoll suit.

Judgment affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.