655 F.Supp. 473 (1987)
PANDJIRIS, INC., Plaintiff,
v.
SUNSHINE STAINLESS TANK & EQUIPMENT CO., Defendant.
No. 86-954C(6).
United States District Court, E.D. Missouri.
March 16, 1987.
Mary M. Boncacorsi, Paul J. Puricelli, Thompson & Mitchell, St. Louis, Mo., for plaintiff.
William T. Weidle, Jr., Frank L. Pellegrini, P.C., St. Louis, Mo., for defendant.

ORDER AND MEMORANDUM
GUNN, District Judge.
IT IS HEREBY ORDERED that the motion of plaintiff Pandjiris, Inc. for summary judgment on Counts I and II of defendant's counterclaim be and it is granted.
This case arises out of a 1984 contract for the sale by plaintiff Pandjiris to defendant Sunshine Stainless Tank & Equipment Company (Sunshine) of positioning equipment *474 for use in industrial welding. Sunshine was, at the time of contracting, a start-up company conceived to manufacture stainless steel tanks for over-the-road shipping. Under the contract, which is embodied in two proposals from Pandjiris and two letters of acceptance from Sunshine filed with the Court as Exhibits A through D of plaintiff's complaint, plaintiff was to provide certain specified equipment to defendant for a total purchase price of $361,098.00. Subsequent to its acceptance of the contract Sunshine requested certain additional equipment, which Pandjiris agreed to sell and install for an additional $110,315.12, raising the final contract price to $471,413.12.
The anticipated date of delivery for the equipment as initially proposed was March 15, 1985. Negotiations with regard to the modified equipment were not complete, however, until that date had passed, and a contract for the equipment as modified was not finalized until April 12, 1985, when Sunshine accepted a second proposal submitted by Pandjiris. Sunshine at that time also accepted new delivery dates ranging from mid-April through July 1985. Delivery was completed on August 19, 1985.
Plaintiff brought suit in this Court on May 9, 1986 seeking to recover $116,413.12 outstanding on the contract price. Defendant Sunshine, claiming damage as a result of the delay in delivery and alleging that the equipment as delivered did not perform properly, filed a three count counterclaim asserting a right to recover alternatively for fraudulent misrepresentation, breach of fiduciary duty or breach of the implied warranty of fitness for a particular use. Because the Court concludes that Pandjiris is entitled to judgment on Counts I and II of the counterclaim as a matter of law, Rule 56(c), Fed.R.Civ.Pro., the Court grants plaintiff's motion for summary judgment with respect to those counts. Defendant may proceed to trial on its breach of warranty theory alone.
Sunshine's allegation of fraudulent misrepresentation in its counterclaim constitutes no more than a recasting of its claim for breach of contract as a tort. A tort action does not arise from a breach of contract unless the basis of the tort is a duty that is "superimposed by operation of law as an incident of the relationship between the parties rather than the contract." General Dynamics Corp. v. Selb Manufacturing Co., 481 F.2d 1204, 1216 (8th Cir.1973); see also Miller v. American Insurance Co., 439 S.W.2d 238, 241 (Mo. App.1969). Pandjiris had no duty to Sunshine to deliver functional equipment in a timely manner apart from that which arose pursuant to the contract.[1] Summary judgment is therefore appropriate on this count.
Sunshine's claim of breach of fiduciary duty also must fail. The record in this case amply demonstrates that the parties entered into an arm's-length business transaction for the purchase and sale of equipment. The contract between the parties in no way contemplates a continuing relationship between them in which Sunshine "entrust[ed] the handling of property or business affairs to [Pandjiris]." McIntosh v. Dowdy, 625 S.W.2d 162, 164 (Mo. App.1981). Under Missouri law, an arm's length contractual relationship does not give rise to an independent fiduciary duty. Chmieleski v. City Products Corp., 660 S.W.2d 275, 294 (Mo.App.1983).
NOTES
[1] In addition to the allegation in its pleadings, Sunshine in its memorandum in opposition to summary judgment alleges three additional "concealments" by Pandjiris. As to the first of these  that Pandjiris falsely led Sunshine to believe that it would provide welding parameters for use with its equipment  the record clearly disproves that Pandjiris held itself out as a provider of welding parameters. Indeed, both Gordon Babbitt and David Van Hecke, Sunshine's owner and Vice President, acknowledged in deposition testimony that Pandjiris did not claim to be a welding expert. Van Hecke further attested that Pandjiris told Sunshine on numerous occasions that it did not provide welding parameters. Sunshine's remaining allegations constitute mere "puffing" by Pandjiris and are not actionable. See Rich v. Eastman Kodak Co., 443 F.Supp. 32 (E.D.Mo.1977).