Dennis SVEUM, Plaintiff/Appellant,

v.

J. MESS PLUMBING, INC.,
Defendant/Respondent.

No. 71694.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 31, 1998.

Jay E. Sushelsky, St. Louis, for plaintiff/appellant.

Timothy J. Walk, St. Louis, for defendant/respondent.

CRANE, Presiding Judge.

Plaintiff homeowner brought an action against the defendant plumbing contractor to recover damages sustained when rainwater flowed into his basement through a patched hole in the foundation which the plumbing contractor created while installing a new service line. The trial court entered judgment for plaintiff, found he sustained $7,500.00 in damages, but awarded no damages to him.

Plaintiff appeals. On appeal plaintiff contends that the trial court erred in attributing the $7,500.00 in damages to four sources: an act of God, the fact that water follows the course of least resistance, faulty guttering, and the defendant's failure to perform, and, for that reason, finding defendant responsible for only one-third of the damages. He further claims that the trial court erred in setting-off defendant's unpaid bill against the judgment to reduce the judgment to zero. We reverse and remand for entry of judgment in the amount of $7,500.00.

Plaintiff, Dennis Sveum, is the owner of a single-family house located in the City of St. Louis. Prior to the incidents which were the subject of this lawsuit, plaintiff had lived in the house over ten years. The house had a finished basement which had never leaked in the time that plaintiff had lived there. Plaintiff had not adjusted or changed the gutters in any way. In May, 1996 plaintiff contracted with defendant, J. Mess Plumbing, Inc., to install a new water service line to his house. As part of its work, defendant dug a 15-inch diameter hole in the rock and mortar foundation of the house. On Friday morning, May 10, defendant patched the hole with stones and mortar.

The same morning plaintiff's roommate gave defendant a check in the amount of $2,250.00 for services performed. That afternoon it rained steadily. When plaintiff's roommate returned to the house that evening, he noticed that over an inch of mud covered the basement floor, ruining the carpet, baseboard, art work, furniture, electronic equipment, and other valuables. The patch the defendant used to fill in the hole had become dislodged, allowing rain water to flow into the basement. The roommate left several messages with defendant's answering service, explaining what had happened. On Saturday, when his calls were not returned, the roommate stopped payment on the check.

It rained again on the following Monday, and more water entered plaintiff's basement. That same day, defendant sent an employee to plaintiff's home to fix the leak. The employee saw that the patch had washed out. He diverted the water flow from a nearby gutter, which substantially reduced the volume of water entering the basement. At trial the employee testified that the gutters were not properly channeled away from the house and the water was coming from the gutters. He testified that water would not have gone into the ground near the foundation if the gutter had been properly connected and the sidewalks had been in good shape. He testified that the mortar had not set before it began raining. He admitted that, in the absence of the patched hole, there would not have been a weakness in the foundation for the water to "punch out."

Subsequently, plaintiff hired someone else to repair the foundation. Defendant never requested payment for the initial or the follow-up work after payment was stopped on the check.

After a bench trial on plaintiff's petition to recover damages against defendant, the trial court found that plaintiff sustained $7,500.00 in damages caused by the flooding and attributed the damage to the following causes: 1) an act of God, 2) faulty guttering, 3) the tendency of water to follow the path of least resistance, and 4) the defendant. The court held defendant liable for one-third of the damages, but setoff the cost of defendant's services from the judgment, awarding plaintiff no damages.

On appeal plaintiff first contends that the trial court erred in attributing the established damages to four different causes and assessing only one-third of the damages against defendant. He argues that defendant should have been held liable for the entire $7,500.00 in damages because in the absence of defendant's failure to properly patch the hole in the foundation, he would not have suffered any damages.

The court found:

The Court hereby finds that the flooding was due partially to an act of God, partially to guttering and partially due to the fact that water follows the least resistance.

There is no evidence that there was any problems with the service main repaired by Mess. However, there is evidence that the cavity worked [sic] performed by Mess didn't set properly, thereby causing leakage.

Though Plaintiff sustained $7500.00 in damages, the Court finds that Defendant is responsible for 1/3 ($2500.00).

■ Although plaintiff titled his petition as "PETITION–NEGLIGENCE," he in fact pleaded a cause of action for breach of contract. Defendant's failure to properly perform was a failure to discharge its implied duty to do the job in a workmanlike manner. *See Miller v. American Ins. Co.,* 439 S.W.2d 238, 241 (Mo.App.1969). Missouri courts imply a requirement that work be done in a skillful and workmanlike manner. *Missouri Farmers Ass'n v. Cantrell,* 764 S.W.2d 749, 750 (Mo.App.1989). That plaintiff alleged that the acts constituting the breach were negligently done does not change the fact that the liability arises from contract and not from tort. *Miller,* 439 S.W.2d at 241; *Great American Ins. Co. v. Pearl Paint Co.,* 703 S.W.2d 601, 603 (Mo.App.1986).

As a result, plaintiff's damages are those recoverable for a breached contract, namely those which naturally and proximately result from the breach. *Miller,* 439 S.W.2d at 240. In this case the breach was the failure to patch the hole in a manner to withstand water. Plaintiff was entitled to recover damages naturally and proximately resulting therefrom, which would be all damages caused by the rainwater and mud entering through the patched hole.

The rainfall, physical properties of water, and discharge pattern of the gutters were not separate occurrences causing other leaks in the foundation wall. *Miller* provides a good illustration. In *Miller* roofers removed roof shingles and left the job without covering the unshingled part of the roof. A cloudburst caused rain to enter the uncovered part of the roof and also caused rain to enter through loosened siding. We held that the roofers could only be liable for damage caused by leaving the roof uncovered, not for damage caused by the loose siding over which the roofers had no responsibility. 439 S.W.2d at 239–40. In this case the rainfall, physical characteristics of water, and pattern of gutter discharge are not akin to the loose siding; none of these caused water to come into the basement in some other place. Rather, these are all conditions, like the rain in *Miller,* against which a proper patch should have protected. The leak into the basement and consequent flood damage was a direct result of the failure of the patch to withstand the water. Accordingly, the trial court erred in reducing damages in the manner it did.

■ Plaintiff further asserts that the trial court erred in setting-off the cost of defendant's services from the $2,500.00 judgment entered against defendant because defendant did not plead or file a counterclaim for a setoff, nor did it present any evidence in support of such a claim. The court found:

Since the Defendant was never paid for the initial work performed, the cost is off-set from the judgment. Finding that nothing is due and owing to Plaintiff.

■ Mess did not plead a setoff, made no demand or claim upon which to award a setoff, and did not offer any evidence in support of such a claim at trial. The only evidence in the entire record regarding the cost of defendant's services was plaintiff's roommate's testimony that, before stopping payment, he made a check out to defendant in the amount of $2,250.00. Further, there was evidence that defendant never sought payment after the payment on the check had been stopped.

A defendant who pleads a setoff occupies substantially the position of a plaintiff and must have a subsisting demand which would afford the subject matter for a cause of action. A setoff or counterclaim has the nature and effect of an independent action by the defendant against the plaintiff. Setoff is generally founded on a liquidated debt and used to discharge or reduce plaintiff's claim by an opposite claim aris-

ing from a transaction extrinsic to the plaintiff's cause of action.

*Buchweiser v. Estate of Laberer,* 695 S.W.2d 125, 129 (Mo. banc 1985) (citations omitted). In the absence of a demand and a pleading to recover a setoff, the trial court erred in awarding a setoff. A judgment must be responsive to issues raised in the pleadings, and the relief awarded in a judgment is limited to that sought by the pleadings. *Rouse Co. of Missouri, Inc., v. Justin's Inc.,* 883 S.W.2d 525, 528 (Mo.App.1994).

The case is reversed and remanded for entry of judgment in the amount of $7,500.00 in favor of plaintiff, Dennis Sveum.

RHODES RUSSELL and JAMES R. DOWD, JJ., concur.