H & B MASONRY CO., INC.,
Respondent/Cross–
Appellant,

v.

Larry DAVIS and Jeff Aubuchon d/b/a Stix & Steins, A Partnership, Respondents/Cross–Respondents,

and

F.F. Kirchner, Inc., Appellant/Cross Respondent.

Nos. ED 76251, ED 76252.

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 13, 2000.

LAWRENCE E. MOONEY, Judge.

F.F. Kirchner ("Kirchner") appeals the trial court's judgment in favor of H & B Masonry Co., Inc. ("H & B") and Larry Davis and Jeff Aubuchon ("Davis and Aubuchon") and against Kirchner in the amount of $10,000, arising from a contractual dispute between the parties. According to Kirchner, the trial court: (1) misapplied Missouri law in awarding damages against Kirchner in the amount of $10,000 based upon a diminution-of-value measure of damages; (2) erred in applying the diminution-of-value measure of damages despite a lack of evidence in the record as to the fair market value of the building as constructed; (3) erred in awarding prejudgment interest in that the amount of damages was disputed throughout the litigation, and H & B failed to properly plead or request prejudgment interest; (4) failed to exercise independent judgment by adopting, almost verbatim, the proposed judgment filed by Davis and Aubuchon, without providing notice to or soliciting proposed judgments from the other parties, and because the judgment entered is not otherwise supported by the evidence; and (5) erred in denying Kirchner's motion for change of judge for cause and failing to recuse himself for cause once the case had been remanded.

H & B has filed a cross-appeal, arguing that even if this court reverses the trial court's decision, we should either enter judgment reallocating liability between Davis and Aubuchon and Kirchner or remand the decision to the trial court for the presentation of additional evidence. We reverse and render judgment.

### Facts

H & B agreed to provide Davis and Aubuchon certain labor and materials valued at $21,650 necessary to construct a billiard hall and bar and grill. H & B ordered split-faced block, which was to be used on the building's exterior, from Kirchner. After the building was completed, Davis and Aubuchon took possession of the

W. Dudley McCarter, Clayton, for appellant.

Terry R. Rottler, Ste. Genevieve, Jack Davis, Park Hills, for respondents.

bar and grill, but withheld $10,000 of the agreed upon price due to a dispute over variation in the color of the concrete block used in the building's construction.

In order to collect the withheld $10,000, H & B filed a three-count petition against Davis and Aubuchon and Kirchner. In Count I of its petition, H & B sought repayment of the $10,000 unpaid balance from Davis and Aubuchon for the labor and material provided. H & B alternatively sued Davis and Aubuchon in Count II of its lawsuit for recovery of the $10,000 under a quantum meruit or unjust enrichment theory. H & B also sought to recover against Kirchner in a separate court under a theory of implied warranty contending Kirchner's failure to provide suitable blocks meant that Davis and Aubuchon were not required to pay the $10,000 owed on the account.

At trial, evidence was presented from all three parties regarding the specifications of concrete block ordered by Davis and Aubuchon, which H & B purchased from Kirchner. Mr. Rottler, an H & B representative, testified that he ordered white, split-faced rock from Kirchner. He further stated that he thought Davis and Aubuchon informed him that the building was not to be painted, and that Kirchner was aware of such fact. Les Staggemeier, a Kirchner sales representative, testified that H & B ordered split-faced gray concrete blocks, which could be stained or painted. Moreover, both Mr. Davis and Mr. Aubuchon testified that they wanted the bricks to be uniform in color because he had no intention of painting or staining the bricks.

Evidence was also adduced at trial regarding the estimated cost to repair the discolored bricks. Mr. Rottler testified that he had received a bid of approximately $2,400 to stain the building. Moreover, both Mr. Rottler and Mr. Staggemeier testified that such staining would be a reasonable and appropriate corrective measure to remedy brick discoloration. Mr. Davis

and Mr. Aubuchon both testified that they did not want their building to look like the other buildings in the commercial mall area, which appeared to be painted concrete-block buildings. Therefore, Mr. Davis stated that they deducted $10,000 from the project's total cost, which they felt was a fair deduction for the discolored bricks.

The trial court, without a jury, heard the case on October 30, 1997. A proposed judgment, submitted by counsel for Davis and Aubuchon, was adopted by the trial court and a judgment was entered on January 9, 1998. Kirchner appealed, but the appeal was dismissed and the case remanded to the trial court pursuant to H & B's motion for remand given that the judgment was void under section 511.111.2 RSMo. (1994)[1] as it was entered more than thirty days after the matter was tried and submitted to the trial court.

On remand, Kirchner filed a motion for change of judge for cause or for the judge to recuse himself. The trial court denied this motion as well as Kirchner's subsequent requests for leave to file memoranda of law and proposed judgments, and findings of fact and conclusions of law. H & B filed its proposed judgment on April 27, 1999, which was adopted by the court sometime after being submitted, yet was dated April 15, 1999. This judgment was in favor of H & B and against Kirchner in the amount of $10,000. However, the trial court was notified that it had predated the judgment, and a new judgment was entered on May 5, 1999, but with a date of April 27, 1999. This revised judgment again awarded H & B $10,000, but assessed $5,000 in damages against Kirchner and $5,000 against Davis and Aubuchon. Again, the trial court was notified of the discrepancies between the judgments, and thus entered another judgment in favor of H & B on May 5, 1999, assessing the entire $10,000 judgment against Kirchner alone and awarding prejudgment interest

1. All further statutory references are to RSMo. (1994) unless otherwise indicated.

on this amount. Kirchner filed this timely appeal, while H & B filed its timely cross-appeal.

### Analysis

We review the trial court's judgment pursuant to *Murphy v. Carron,* and accordingly will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously applies the law. 536 S.W.2d 30, 32 (Mo. banc 1976). With this standard in mind, we turn to Kirchner's allegations of error.

### Points I and II: Correct Measure of Damages

Kirchner's first and second allegations of error contend that the trial court misapplied Missouri law by applying a diminution-in-value measure of damage rather than the preferred cost-to-repair measure of damage, especially where there was substantial credible evidence that the cost-to-repair was significantly less than $10,000 and no evidence was adduced as to the fair market value of the building as constructed. We will address both arguments simultaneously, as both stem from the damages award.

■ The proper measure of damages is a question of law for determination by the trial court. *Gee v. Payne,* 939 S.W.2d 383, 385 (Mo.App. W.D.1997). Questions of law are matters reserved for de novo review by the appellate court, and we therefore give no deference to the trial court's judgment in such matters. *Boillot v. Conyer,* 861 S.W.2d 152, 155 (Mo.App. E.D.1993).

■ In cases involving breach of implied warranty, the theory on which H & B sued Kirchner in Count III of its petition, the court is to apply the lower of the cost-to-repair or diminution-in-value in assessing the amount of damages. *Crawford v. Whittaker Const., Inc.,* 772 S.W.2d 819, 822 (Mo.App. E.D.1989); *Schulze v. C & H Builders,* 761 S.W.2d 219, 223 (Mo.App.

E.D.1988). According to the cost rule, damages are measured by the cost-to-repair the defective work, while the "diminished value rule" measures the difference between the property's value with the defective work and what its value would have been if constructed according to the agreed upon terms. *Schulze,* 761 S.W.2d at 223.

■ Here, it appears that the trial court applied the diminution-in-value measure of damages in its May 5, 1999 judgment by requiring Defendant Kirchner to pay Plaintiff $10,000 as a result of the nonconformity of the materials Kirchner provided to Plaintiff. However, the record reveals that the cost-to-repair the discolored bricks would be only $2,400, obviously much less than the $10,000 "diminished value" damages assessed by the trial judge. Mr. Rottler, Mr. Davis, Mr. Aubuchon, and Mr. Staggemeier all testified that the building could have been painted or stained, and Mr. Rottler and Mr. Staggemeier stated that such paintings or staining would cure the discoloration of the bricks. Further, Mr. Rottler, a Kirchner representative, testified that he received a repair estimate of $2,400 for staining the building, an amount substantially less than the $10,000 diminution-in-value award against Kirchner.

■ Moreover, the $10,000 damages award solely against Kirchner is not supported by substantial evidence, as the only testimony presented in support of the $10,000 award, that of Mr. Davis and Mr. Aubuchon, must be rejected. Although we recognize that an owner of real estate may testify regarding his opinion of its value because an owner is presumed to be familiar with the property and its uses, this presumption is overcome and evidence of his opinion of the value of the property should be rejected where the record shows that the owner does not have specialized knowledge regarding the real estate. *Lustig v. U.M.C. Industries, Inc.,* 637 S.W.2d 55, 61 (Mo.App. E.D.1982) (owner of leased

factory building and parking area was allowed to testify to the value of the leased property in statutory waste case).

■ Here, the evidence presented in support of the $10,000 award consists solely of Mr. Davis's testimony that, "[W]e felt [$10,000] was a value that our building has been decreased by because of the looks of the building ... We came up with a figure of $10,000. That's what we feel like." However, he admits that he did not compare the building with any others when arriving at the $10,000 figure, and had no appraisal done to support his contention that the discolored bricks devalued the property. Mr. Aubuchon further testified that he had no idea what the building was worth at the time of trial, because he "was not into real estate" but more involved with running the business. This evidence presented by Davis and Aubuchon as to their opinion of the property's decreased value must be rejected, given that they had no specialized knowledge regarding their real estate.

Therefore, the trial court's award to H & B and solely against Kirchner in the withheld amount of $10,000 is not supported by substantial evidence. In fact, the only evidence in the record was that the cost-to-repair the building would be $2,400,[2] and therefore the trial court erred in failing to award H & B damages in the amount of $2,400, the lesser of the cost-to-repair and diminution-in-value.

*Point III: Prejudgment Interest*

Kirchner further contends that the trial court erred in awarding H & B prejudgment interest, because the proper amount of damages was disputed throughout the litigation and H & B failed to properly plead or request prejudgment interest in its pleadings or at any time during or after

trial. We agree, and reverse the trial court's award of prejudgment interest given that the measure of damages was uncertain.

■ Section 408.020, the statute regarding prejudgment interest, states as follows:

Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

Under the statute, prejudgment interest is "awarded whenever the amount due is liquidated or, if not strictly liquidated, readily ascertainable by reference to recognized standards." *St. John's Bank & Trust Co. v. Intag, Inc.*, 938 S.W.2d 627, 630 (Mo. App. E.D.1997), *quoting Dierker Assocs., D.C., P.C. v. Gillis*, 859 S.W.2d 737, 746 (Mo.App. E.D.1993). Further, prejudgment interest is not awarded where the amount of damages is unclear. *Fohn v. Title Ins. Corp.*, 529 S.W.2d 1, 5 (Mo. banc 1975).

■ Here, the amount of damages was unliquidated given that all parties hotly disputed the correct amount of damages; therefore, H & B was not entitled to prejudgment interest. Thus, we reverse the trial court's award of prejudgment interest.[3]

---

2. We note that although Mr. Staggemeier testified that a bid of $1,020 was given for staining the building, such testimony was not substantively admitted into evidence by the trial court, but was merely allowed for the purpose of impeaching the testimony of Mr. Rottler.

3. We need not address whether H & B properly requested that prejudgment interest be awarded given that we reverse for other reasons.

**126**

*Points IV and V: Trial Court's Failure to Exercise Independent Judgment and Recuse Himself*

Kirchner raises two additional points on appeal, alleging that the trial court erred in failing to exercise independent judgment by adopting, without notice to Kirchner, the proposed judgments filed by Davis and Aubuchon and H & B Masonry, and in denying Kirchner's motion for change of judge for cause and for failing to recuse himself. We need not address these issues, given our decision to reverse the trial court's judgment on other grounds.

*Cross–Appeal by H & B Masonry*

H & B files a cross-appeal, asking that in the event the trial court's decision is reversed, our court should either reallocate liability and enter judgment accordingly or remand to the trial court in order for additional evidence to be presented.

At the outset, we note that H & B's Point Relied On fails to comply with the Rule 84.04(d), which requires an appellant to state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, which with citations of authorities thereunder. We, nonetheless, prefer to decide the issue on its merits and review the appeal *ex gratia*. *See Ward v. State Farm Life Ins. Co.*, 833 S.W.2d 484, 487 (Mo.App. E.D. 1992); *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997).

Rule 84.14 states in pertinent part that an "appellate court shall award a new trial or partial new trial, reverse or affirm the judgment or order of the court, or give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case." Based upon our finding above, that the trial court's judgment against Kirchner should have been entered in the amount of $2,400, we conclude that Davis and Aubuchon are responsible for the remaining $7,600 they withheld in payment to H & B. *See Adams v. Orkin Exterminating Co.*, 763 S.W.2d 318, 320 (Mo.App. E.D.1988). Judgment is accordingly entered for H & B in the amount of $10,000, and against Kirchner for $2,400 and Davis and Aubuchon for $7,600.

We reverse and render judgment.

RICHARD B. TEITELMAN, P.J., and SHERRI B. SULLIVAN, J., concur.