**Joel T. BRUNS and Shirley Diane Bruns, Respondents,**

v.

**E.L. GREEN and Joy L. Green, Appellants.**

**No. ED 84401.**

Missouri Court of Appeals, Eastern District, Division Two.

March 1, 2005.

Clyde C. Farris, Jr., St. Louis, MO, for appellants.

Jay E. Sushelsky, St. Louis, MO, for respondents.

ROBERT G. DOWD, JR., Judge.

E.L. and Joy L. Green (collectively referred to as Defendants)[1] appeal from the trial court's judgment in favor of Joel Bruns and his mother Shirley Bruns (collectively referred to as Plaintiffs)[2] in the amount of $3,200.00 on Plaintiffs' action for fraudulent misrepresentation, negligence, nuisance, and declaratory judgment. We affirm in part and reverse in part.

In 1997, Defendants acted as the developer to subdivide and develop the fifth addition to Orchard Estates in the City of Pacific. In early 1999, Joel Bruns (Bruns) and his father met with E.L. Green (Green) to view the unsold lots in the subdivision. Green showed a plat to Bruns and his father. Both Bruns and his father testified that the plat showed to them at this meeting showed a cul-de-sac at the end of the street, Green Oak Street, running in front of Lot 14, the lot Bruns desired to purchase. All parties agree that there was no discussion about the street, how it would be completed, or how it would terminate.

Plaintiffs purchased an unimproved lot, Lot 14, in Orchard Estates for a purchase price of $25,000.00. Lot 14 was located in the northwest corner of the subdivision and was the last lot on the north side of Green Oak Street. There was a 20 foot drainage and utility easement that runs along the west side of Lot 14. West of Lot 14 was an unimproved pasture owned by Bruns's father's aunt and uncle. The street in front of Lot 14, Green Oak Street, and the sidewalk were not completed at the time Plaintiffs purchased the lot. Thereafter, Bruns contacted Green and inquired into when the street and sidewalks would be finished. Green called his sub-

contractor and was informed that the work would be completed by the end of the following week. The portion of Green Oak Street that was completed at the time Plaintiffs purchased Lot 14 was paved in asphalt. The subcontractor then completed the last twenty feet of the street in concrete and the street did not end in a cul-de-sac. The sidewalk was also extended about twenty-five feet across the front of Lot 14.

Before beginning construction on his home, Bruns called Green again to ask if the street would be extended any further. Green responded by saying, "that was all he had to do." Bruns then constructed a home on Lot 14 at a cost of around $180,000.00. After completing the twenty-foot wide driveway, the western one-half of the driveway intersected with Green Oak Street beyond the pavement. Bruns had complaints about being unable to back his car out of his driveway, the appearance of the concrete and asphalt joint on Green Oak Street and the poor quality of the street, and standing water at the end of his driveway. In addition, a portion of the sidewalk in front of Lot 14 was below grade, and Bruns hired a contractor to remove and re-pour a portion of the sidewalk at a cost of between $150.00 and $200.00.

Plaintiffs filed a four-count petition against Defendants and the City of Pacific. In Count I of their petition, Plaintiffs claimed Defendants fraudulently misrepresented that the roadway and sidewalk immediately adjacent to Lot 14 would conform to the other lots in the subdivision and that Green Oak Street would terminate in a cul-de-sac. In Count II, Plain-

1. Joy L. Green is E.L. Green's wife. She had no involvement with the subdivision except that her signature appears on the deeds because the real estate was in joint names.

2. Shirley Jones is Joel Bruns's mother and was named as a plaintiff because her name is on the deed to the property along with Joel Bruns.

tiffs alleged Defendants were negligent in performing the improvements to the roadway and sidewalk adjacent to Lot 14 and that the improvements were performed in an unworkmanlike and unsatisfactory manner. Plaintiffs also asserted a *per se* violation of section 400.200 of the City of Pacific's ordinances.[3] In Count III of their petition, Plaintiffs claimed a private nuisance in the improvement to the roadway and sidewalk adjacent to Lot 14, resulting in a diminished value of the home constructed on the lot. In Count IV, Bruns requested a declaratory judgment that Defendants' improvements to the roadway and sidewalk adjacent to Lot 14 failed to comply with the City of Pacific's ordinances. The City of Pacific filed a motion to dismiss the claim against it, which was sustained by the trial court.

The City of Pacific adopted an ordinance after Plaintiffs' suit was filed, that made the City of Pacific responsible for the Orchard Estates subdivision streets, water, and sewer improvements. Pursuant to the ordinance Defendants paid $21,410.00 to the City of Pacific to correct and complete any deficiencies in the improvements of the Orchard Estates subdivision. By the time of the trial, the City of Pacific planned to modify the end of Green Oak Street by replacing the concrete with asphalt, placing a culvert in the creek and extending the street west to within a few feet of the west boundary of the subdivision. The street will still not terminate in a cul-de-sac. The work to the fix Green Oak Street was estimated to take approximately one week.

The suit proceeded against Defendants in a jury-waived trial. After the presentation of all the evidence, the trial court found in favor of Plaintiffs and against

Defendants for actual damages in the amount of $200.00 and "additional damages" in the amount of $3,000.00. Defendants now appeal.

We address Defendants' fifth point on appeal first because it is dispositive. In their fifth point, Defendants contend the trial court erred in awarding damages. Defendants maintain there was no evidence of damages to support the award. We agree.

■ This court will affirm the damage award in a bench trial unless there is no substantial evidence to support the judgment, it is against the weight of the evidence, or the trial court erroneously declares or applies the law. *Norber v. Marcotte*, 134 S.W.3d 651, 661 (Mo.App. E.D.2004).

In its judgment, the trial court awarded Plaintiffs actual damages, stating, "Joel Bruns proved actual damages of $200.00 due to the improper installation of the sidewalk on his property which he paid his builder to remove and re-install." The trial court continued by saying that Plaintiffs' other damages were more difficult to quantify. The trial then awarded Plaintiffs "additional damages" in the amount of $3,000.00, stating, "[t]hey clearly suffered inconvenience and discomfort which materially affected their enjoyment of their home. Although that discomfort will be reduced once the City of Pacific corrects Green Oak Court, Plaintiffs will suffer inconvenience while that work is being performed."

We find the additional award of damages in the amount of $3,000.00 was not supported by substantial evidence under the legal theories pled. Plaintiff sought damages under three theories: fraudulent

---

**3.** Ordinance section 400.200 of the Pacific City Code provides that all dead-end streets

must end with a cul de sac.

misrepresentation; private nuisance, and negligence.

 In a fraudulent misrepresentation case, the appropriate measure of damages is the difference between the actual value of the property at the time the contract was entered into and the property's value had the representation been true. *Lowdermilk v. Vescovo Building and Realty Co., Inc.*, 91 S.W.3d 617, 626 (Mo.App. E.D.2002). Here, Plaintiffs did not produce any testimony as to the value of the property to support their claim for damages under fraudulent misrepresentation.

 The measure for damages for a permanent nuisance is the difference in the land's market value immediately before and immediately after the injury. *Hinkle v. Emmons*, 826 S.W.2d 359, 362 (Mo.App. E.D.1992). Damages for temporary nuisance include the decrease in rental or useable value during the injury. *Id.* No evidence was provided of either measure of damages. Plaintiffs provided no testimony or evidence of any decrease in value of the property from the way Green Oak Street was completed, or any decrease in rental or useable value of the property. Moreover, because the street is going to be repaired by the City of Pacific, the nuisance claimed by Plaintiffs is best categorized as a temporary nuisance. To the extent that the trial court's award was for future damages from the temporary nuisance during the repair of the street, the award is inappropriate because the measure of damages must be *during* the injury, not for future inconvenience. *Id.*

 Finally, the appropriate measure of damages under Plaintiffs' negli-

gence count is the lesser of the cost of repair or the diminution in value.[4] *Annen v. Trump*, 913 S.W.2d 16, 22 (Mo.App. W.D.1995). Here, Plaintiffs did not present any diminution in value evidence. Plaintiffs did not provide any evidence of how the property value of Lot 14 decreased as a result of the use of concrete on Green Oak Street and the manner in which the street was completed. Furthermore, Plaintiffs did not and could not produce evidence of cost of repair. The City of Pacific, not Plaintiffs or Defendants, is required to make the repairs to Green Oak Street. Defendants have paid the City of Pacific $21,410.00 to correct any deficiencies in the streets in the Orchard Estates subdivision. Plaintiffs failed to show damages for any negligence in the workmanship of Green Oak Street. Whatever the theory upon which the trial court made the damage award the record does not support the award of $3,000.00.

 We do, however, find Plaintiffs did provide sufficient evidence of damages under Plaintiffs' negligence count with regard to the sidewalk. Plaintiffs presented evidence that the sidewalk in front of Lot 14 poured by Defendants at the Bruns's request was unsatisfactory. The sidewalk was below the curb of the street. Plaintiffs hired a contractor that replaced the unsatisfactory portion of the sidewalk. Plaintiffs presented evidence of cost of repair in the amount of between $150.00 and $200.00. Thus, the trial court's award of actual damages in the amount of $200.00 was supported by the evidence.

Because of our ruling on Defendants' fifth point, we need not address Defendants' remaining points. The judgment of

---

**4.** To the extent Plaintiffs' negligence claim could be considered a cause of action for breach of contract for failure to perform the job in a workmanlike manner, the measure of damages is the same. *See Sveum v. J. Mess* *Plumbing, Inc.*, 965 S.W.2d 924, 926 (Mo. App. E.D.1998) and *H & B Masonry Co., Inc. v. Davis*, 32 S.W.3d 120, 124 (Mo.App. E.D. 2000).

the trial court is affirmed as to the award of actual damages in the amount of $200.00 and reversed as to the additional award of $3,000.00.

PATRICIA L. COHEN, P.J. and KATHIANNE KNAUP CRANE, J., concur.