FERGUSON, *Plaintiff in Error*, v. THACHER.

1. **Paper given in Firm Name for Individual Benefit**: EVIDENCE. In a suit on a check purporting to have been executed by a firm, one of the issues being whether it was in fact executed by the firm, or by W., a member of the firm, for his own benefit; *Held*, that evidence that W. was largely indebted to the firm and that another member of the firm had sustained heavy losses on his account, was

inadmissible. *Held*, also, that evidence that plaintiff was insolvent was not relevant to this issue.

2. ——. If the consideration of a check given in the name of a firm by one of the partners enures to his sole benefit, and the holder knows that fact, or if the business of the firm does not authorize one of the parties to draw checks in the name of the firm, or no authority to do so can be inferred from their course of dealing, the firm is not liable on the check, but only the partner drawing it.

3. **Practice.** In a suit against several defendants the verdict and judgment should embrace and dispose of the case as to all.

4. **Bill of Exceptions.** It is not essential to the sufficiency of a bill of exceptions filed in vacation that the clerk should indorse the fact of filing on the bill itself. An entry on the record to that effect, if it identifies the bill, is sufficient. Overruling *Carter v. Prior*, 78 Mo. 222.

*Error to Jackson Circuit Court.*—Hon. S. H. Woodson, Judge.

Reversed.

*Bryant, Holmes & Waddill* for plaintiff in error.

*Tichenor & Warner* and *Belch & Silver* for defendant in error.

Henry, J.—This suit originated in the Jackson circuit court, and is for the recovery of $3,000 against defendants, on a dishonored check, alleged to have been drawn by the firm of Thacher, Webster & Ellison on the Commercial National Bank, in favor of Corrilla Ferguson, who indorsed it to plaintiff, who presented it for payment to said bank, which was refused. The defendant Thacher answered, admitting the partnership, but denying that the check was drawn by the firm; charging that his co-partners, co-defendants, are insolvent, and that this suit is the result of a conspiracy between plaintiff and his wife, Corrilla, and the defendant Webster, to cheat and defraud Thacher. Ellison also answered, denying each allegation in the petition. There was a verdict and judgment in favor of plaintiff against defendant Webster, and no finding or judgment as

to the other defendants. Plaintiff has brought the cause to this court by writ of error..

The only issues presented by the pleadings upon which there was any evidence, relate to the drawing of the check in question by and for the firm of Thacher, Webster & Ellison. Plaintiff affirms that it was drawn by defendants; Thacher and Webster averring that it was given for money borrowed by Webster of Corrilla Ferguson for his individual use. Webster filed no answer.

Against plaintiff's objection, defendants were permitted to prove the state of partnership accounts between the several members of the firm, for what purpose except to prejudice plaintiff's case with the jury, we are unable to perceive. Webster, as the evidence tended to prove, was largely indebted to the firm, and Thacher sustained heavy losses on his account. Webster is the son-in-law of plaintiff, and the evidence objected to and admitted, might incline a jury to make the father-in-law rather than the co-partners of Webster suffer the loss, if the evidence on the issues of fact were not decidedly in favor of plaintiff. The state of the account between the several members of the firm is not a matter either directly or collaterally in issue in this cause. It is wholly immaterial whether Webster, on a settlement of the parthership accounts, was indebted to the firm or not. The state of the account between them would throw no light upon the real issue which the jury had to try, and the court erred in admitting the evidence, and, afterward, in refusing instructions asked by defendant, declaring that it is not a suit for the settlement of the partnership, and asking the court to withdraw from the consideration of the jury the evidence in question.

Nor do we perceive the relevancy of the printed circular, sent by Ferguson & Son to their creditors. It showed that they were insolvent; that their liabilities aggregated $34,629.29, and their assets considerably less than that sum,

*1. PAPER GIVEN IN FIRM NAME FOR INDIVIDUAL BENEFIT: evidence.*

but that statement had no tendency. to prove either that the firm did or did not draw the check in suit.

If it was drawn by Webster for his individual use, and that fact was known to Mrs. Ferguson and plaintiff, or if 2. ——.          the business the firm was engaged in did not authorize one partner to draw a check in the name of the firm, or no authority to do so could be inferred from their course of dealing or the other facts proved, then the firm is not, but the member who drew it is individually liable, and plaintiff is entitled to recover against him in this suit. In this view we see no objection to the instructions for defendants. The allegation that the partnership drew the check, includes the averment that each member drew it, and all contracts, in form joint, are, under our statute, several also.

The jury, however, should have found by their verdict for or against Thacher and Ellison, and there should have 3. PRACTICE.          been a judgment either in their favor or against them.

This court has held, as insisted by defendant's counsel, that the clerk must indorse the filing of the bill of excep-
4. BILL OF EXCEP-    tions upon the bill itself, if filed in vacation
   TIONS.             of court, and that vacation entries are nullities and furnish no evidence of the filing. *Carter v. Prior*, 78 Mo. 222, and cases there cited. A reconsideration of the question has led us to a different conclusion. The clerk's indorsement upon the bill of exceptions is but his certificate to the fact that it was filed, and his certificate, whether on the bill or elsewhere, if it identifies the bill as the one filed, we hold sufficient. The case of *Carter v. Prior*, and other cases to the contrary, are hereby expressly overruled.

The judgment is reversed and the cause remanded. All concur.