E. E. NICHOLS, Respondent, v. DODSON LEAD & ZINC COMPANY et al., Appellants.

St. Louis Court of Appeals, November 5, 1900.

1. **Judgment, Statutory:** REPLEVIN: ASSUMPSIT. A simple judgment as if plaintiff had sued in assumpsit is not a sufficient compliance with the requirements of the statute relative to a judgment in replevin.

2. ——: ——: PARTIES. A judgment in replevin is faulty where there is no finding as to all the parties to the issue.

3. ——: PRACTICE, TRIAL: PRACTICE, APPELLATE: MOTION IN ARREST. It is a rule of practice that a judgment will not be reversed for formal defects, unless advantage has been taken by motion in arrest.

4. ——: ——: RECORD. In the case at bar the defects in the judgment are prejudicial and fatal, and it is set aside upon an inspection of the record.

Appeal from the Wright Circuit Court.—*Hon. Argus Cox*, Judge.

REVERSED AND REMANDED.

*Wm. O. Mead* and *T. T. Loy* for appellant.

(1) The defendant was not in possession of the property at the time the action was commenced, hence plaintiff can not maintain this action. Davis v. Randolph, 3 Mo. App. 454; Feder v. Abrahams, 28 Mo. App. 454; Haegar v. Marcus, 5 Mo. App. 565; Rogers v. Davis, 21 Mo. App. 150. (2) The plaintiff can not sue for the recovery of the possession of personal property and recover as in *assumpsit*, he is bound by the allegations in his petition. Davis v. Randolph, 3 Mo. App. 454.

*F. M. Mansfield* and *L. O. Neider* for respondent.

Appellant urges only two points for reversal. First. That when the suit was brought defendants Dodson Lead & Zinc Company was not in possession of the property. This if true would have been a good defense, but the evidence does not sustain the contention. The other point insisted upon by appellant that the judgment is not in statutory form, that it did not find the right of property in plaintiff or assess its value is no reason why this court should reverse the judgment, when the value of the property was proven, and it is also shown that defendant had put it out of its power to deliver property. In such case plaintiff could recover was the proven value of the property and this is just what the court did and rightfully rendered its judgment for him. White v. Graves, 68 Mo. 218.

BIGGS, J.—This is an action of replevin.    The suit was instituted against the Dodson Lead & Zinc Company and one Frank Mullen.    The cause was submitted to the court without a jury.    The judgment entry recites that the issues were found in favor of plaintiff and against the zinc company, and then follows a simple judgment for money (as is usual in actions of debt) for one hundred and fifty dollars. No disposition whatever was made of the case as to Mullen. There was a motion for a new trial by the zinc company, but it failed to file a motion in arrest of judgment.    The company has appealed.

It is insisted that there is no evidence that the appellant was in possession of the property at the time the suit was instituted.    This contention is not well founded.    The evidence is that the zinc company had been in possession of the chattels just prior to the institution of the suit, and that it sold them on the day it was instituted, but there is nothing to show when (if ever) the property was delivered to the purchaser.    There being proof of a previous possession by the company the *onus* was on it to show that it had parted with it prior to the beginning of the action.

Clearly the judgment rendered is not responsive either to the petition or the evidence.    It has not the least semblance of the statutory judgment required in actions of replevin, but instead is a simple judgment as if the plaintiff had sued in *assumpsit*.    Hamilton v. Clark, 25 Mo. App. 428.    The judgment is also faulty in that there is no finding of the issues as to Mullen and no disposition made of the case as to him.    This is likewise a serious omission.    Ferguson v. Thacher, 79 Mo. 511; Spalding v. Bank, 78 Mo. App. 374. The only question is whether these objections can be urged by the appellant, it having failed to file a motion in arrest of the judgment.    It is the rule of practice that a judgment

will not be reversed for *formal* defects, unless advantage has been taken of them in the usual way. Sweet v. Maupin, 65 Mo. 65. The case cited illustrates the rule. In that case the petition contained several counts, and the finding was general and not on each count as the rules of practice required. The defendant failed to call the attention of the trial court to the mistake. The supreme court held this to be a formal defect, and on account of which the judgment would not be disturbed, as the defendant had failed to give the trial court an opportunity to correct the mistake. In other respects the judgment entry contained the necessary findings and recitals. But in the present case the judgment is barren of all the findings and recitals necessary in actions of replevin. Besides it fails to dispose of the case as to Mullen. These defects in the judgment we believe to be fatal and prejudicial, and require us to set the judgment aside upon a mere inspection of the record proper.

With the concurrence of the other judges the judgment of the circuit court will be reversed and the cause remanded. It will be so ordered. All concur.