**Halsey JULIEN, Plaintiff/Appellant,**

v.

**ST. LOUIS UNIVERSITY, et al.,
Defendants/Respondents.**

**No. ED 74850.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 24, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 10, 1999.

Gregory G. Fenlon, St. Louis, for appellant.

William R. Stahluth and Steve Wolf, Eureka, for respondent.

KENT E. KAROHL, Judge.

Plaintiff, Halsey Julien ("Julien"), appeals: (1) the trial court's order sustaining defendants', St. Louis University and Dr. Richard Mink ("SLU"), "Motion for Set Off and Credit;" and, (2) the grant of partial summary judgment in favor of SLU. We affirm the original judgment entered on July 28, 1998 sustaining SLU's motion. We do not reach the merits of the trial court's order sustaining SLU's motion for partial summary judgment.

Julien filed three claims against SLU[1] alleging assault and battery, false arrest and imprisonment, and malicious prosecution. The trial court granted, summary judgment for SLU on the malicious prosecution claim alleging Julien would be unable to establish the required element of lack of probable cause because the City Attorney issued an information. Prior to trial on the remaining two claims, Julien settled with defendants SSM Health Care, Zunich and Ferguson for $5000. The claims settled were for actual and punitive damages for false imprisonment, actual and punitive damages for assault, actual and punitive damages for battery, and actual and punitive damages for malicious prosecution. Trial was held against SLU and Dr. Mink. The jury returned a verdict in favor of Julien for $2500 on the assault and battery claim and $2500 on the false arrest and imprisonment claim. Judgment was entered on April 28, 1998. On May 11, 1998 SLU filed a motion for set off and credit of the $5000 obtained from the settlement with the other defendants prior to trial. On July 28, 1998 the trial court granted full and complete set-off of the $5000 received in settlement against the $5000 judgment.

In the first point on appeal, Julien argues that the order and judgment of July 28, 1998 is void for lack of jurisdiction because SLU's "motion for set-off was not an authorized after trial motion under the Rules which would extend the jurisdiction of the trial court beyond the thirty day period after the judgment of April 28," allowed by Rule 75.01. Pursuant to Rule 75.01, the trial court retains jurisdiction over a judgment for a thirty-day period after entry of the judgment if a party does not file an authorized after-trial motion. Rule 81.05(a) provides for an expanded time for control of judgment in certain instances:

> For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed. In the event a motion for new trial is timely filed, the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is ruled on at an earlier date, then at the later of the date of disposition of said motion or thirty days after entry of judgment. Authorized after-trial motions shall be treated as, and as part of, a new trial motion for the purposes of ascertaining the time within

1. Julien originally named five defendants: SSM Health Care, two employees of SSM Health Care, SLU, and SLU's employee, Dr. Richard Mink. After pre-trial settlement, only SLU and Dr. Mink remain as defendants.

which an appeal must be taken, and all such after-trial motions shall be disposed of at the same time.

Under the Supreme Court Rules, an "authorized after-trial motion" is a motion for which the rules expressly provide. *Taylor v. United Parcel Serv., Inc.,* 854 S.W.2d 390, 392 n. 1 (Mo. banc 1993). A motion that is not authorized does not extend the time over which a trial court has control over the judgment. *Bank of Kirksville v. First Bank Centre,* 924 S.W.2d 884, 886 (Mo.App. S.D.1996).

Julien does not identify and argue the real issue. He analyzed the motion as a motion for new trial, not as an authorized, post-judgment motion. In substance, it was not a motion for new trial. The trial court ruled on a section 537.060 RSMo 1994 motion. It reduced the judgment to zero. The pleading before the trial court on July 28, 1998 was a statutory post-judgment motion for satisfaction of judgment. For purposes of ascertaining the time within which the trial court retained jurisdiction, the judgment against SLU was entered on April 28, 1998 and became final on May 28, 1998, in the absence of a motion for a new trial or an authorized after-trial motion pursuant to Rule 81.05(a). The motion for set off and credit was filed on May 11, 1998. The decision on July 28, 1998 was not within the thirty-day limitation of the trial court's jurisdiction pursuant to Rule 75.01. A section 537.060 motion for satisfaction of judgment may be filed, considered and ruled at any time after the entry of a judgment. There is no time limitation set forth by Supreme Court rule or statute. Section 537.060 states, in pertinent part:

Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract. When an agreement by release ... is given in good faith to one or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tortfeasors for the damage unless the terms of the agreement so provide; however such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

On May 11, 1998 SLU filed its motion pursuant to section 537.060. It did not allege any trial court error of fact or law. The statute does not require allegations of error. It was denominated "Motion for Set Off and Credit." No other motion was filed directly or in the alternative. The prayer for relief requested an "Amended Judgment in favor of the Plaintiff with damages in the amount of $0.00 against St. Louis University and Dr. Richard Mink." The trial court's order and judgment, filed July 28, 1998 found "that Defendant be granted a set off of $5000.00 against the judgment rendered against him and in favor of Plaintiff herein."

The judgment entered on July 28, 1998 was an original judgment on an authorized post-judgment motion. It was amendable within thirty days by the trial court. Within that time, Julien could have filed, among other things, a motion for new trial or a motion for reconsideration. No motion was filed. However, Julien filed a notice of appeal on August 12, 1998 well before the July 28, 1998 judgment became final on or about August 27, 1998. Although premature, Julien's notice of appeal hibernated and matured when the judgment became final. Thus, the appeal was timely filed. We have jurisdiction to determine Julien's appeal from the original judgment of July 28, 1998. Julien's only issue is that the trial court did not have jurisdiction to enter the judgment. He does not claim error in entry of the judgment. Therefore, we cannot consider whether, at the parties' request and because nothing in section 537.060 is self-proving, an evidentiary hearing pursuant to Rule 74.06(b) and (c) would have been

required to support findings and conclusions supporting the July 28, 1998 judgment. We affirm.

■ Julien's points II, III and IV present common questions of law and fact on the issues of partial summary judgment granted in favor of SLU on causes pleaded but not tried to the jury. On November 21, 1995 SLU filed a motion for partial summary judgment related to Count III, which alleged malicious prosecution. The trial court called the motion for hearing on January 9, 1996 and, at that time, granted Julien an additional sixty days to conduct discovery. Another motion hearing was called on May 6, 1996 and the court sustained SLU's motion for partial summary judgment. Julien did not file a response to SLU's motion on or before that time. We have no jurisdiction to decide these points because the pre-trial summary judgments were final thirty days after April 28, 1998. There was no appeal taken from the trial court's order and judgment of April 28, 1998. The only issue before the trial court on July 28, 1998, from which this appeal lies, was a statutory post-judgment motion. The motion did not extend jurisdiction of the thirty-day period after the April 28 judgment, pursuant to Rule 75.01. Thus, matters decided before the April 28 judgment and order, including the trial court's order sustaining SLU's motion for partial summary judgment, are not before us.

We affirm.

ROBERT G. DOWD, Jr., C.J. and CHARLES B. BLACKMAR, Sr. J. concur.