**Jerry and Kimberly NORMAN, and Jerry Norman as plaintiff ad litem for Kenneth D. Norman, Appellants,**

v.

**Andy J. WRIGHT, M.D., Respondent.**

No. SC 84650.

Supreme Court of Missouri,
En Banc.

March 18, 2003.

Motion to Modify Denied
April 22, 2003.

David W. Ransin, Springfield, for Appellants.

Glenn A. Burkart, Bruce E. Hunt, Deborah A. Malkmus, Springfield, for Respondent.

BENTON, J.

Kimberly and Jerry Norman sued Doctor Andy J. Wright for the wrongful death of their son. The jury found for the Normans. The circuit court reduced the verdict by the amount of a pre-trial settlement with two other defendants. The Normans appeal. After opinion by the Court of Appeals, this Court granted transfer. *Mo. Const. art. V, sec. 10.* Reversed and remanded.

1. All statutory references are to RSMo 2000.

## I.

The Normans' son died from brain damage suffered during birth. In addition to Dr. Wright, they sued two other defendants: another doctor and a hospital. A year before trial, the judge approved a $100,000 settlement with the two other defendants. The Limited Release, and the Stipulation for Dismissal with Prejudice, both cited section 537.060 RSMo 2000[1]. After settlement, only the claims against Dr. Wright remained.

In his answer, Dr. Wright initially requested that the jury apportion the fault of all parties. He cited section 538.230, which provides in part (emphasis added):

1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services where fault is apportioned among the parties and persons released pursuant to subsection 3 of this section, the court, *unless otherwise agreed by all the parties,* shall instruct the jury to apportion fault among such persons and parties
. . . .

The Normans moved to strike this request. The judge sustained their motion, citing a lack of specific allegations. Dr. Wright did not amend his answer. Moreover, in a pre-trial conference, Dr. Wright orally waived jury apportionment under section 538.230. The Normans agreed. Because it was so "agreed by all the parties," there was no jury apportionment under section 538.230 in this case. See *Vincent v. Johnson,* 833 S.W.2d 859, 863 (Mo. banc 1992).

## II.

The jury awarded the Normans $308,855.35. A week after the verdict, Dr. Wright moved—for the first time—to re-

duce the verdict by $100,000. He cited section 537.060, which provides in part:

Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract. When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide; however such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

The Normans objected that the motion was untimely because Dr. Wright did not plead the reduction as an affirmative defense.

■ The trial court ruled for Dr. Wright "as a matter of law pursuant to Sec. 537.060 R.S.Mo.", and reduced the verdict by $100,000. The sole issue is whether the trial court erroneously declared the law. See *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Section 537.060 applies to all tort actions. See *Brewster v. Gauss*, 37 Mo. 518, 519 (1866); *Spalding v. Citizens' Bank*, 78 Mo.App. 374, 383 (1899). Section 538.230, discussed above, applies *only* to tort actions based on improper health care. The General Assembly specifically lists certain sections of chapter 537 that do "not apply" to improper-health-care torts. *Sec. 538.300.* Section 537.060 is not listed. *Id.* Thus, if all the parties agree not to apportion fault under section 538.230, section 537.060 applies. See *Vincent,* 833 S.W.2d at 863.

■ According to the Normans, a reduction under section 537.060 must be affirmatively pleaded. A reduction under section 537.060 is a satisfaction of an amount owed. *Walihan v. St. Louis–Clayton Orthopedic Group, Inc.,* 849 S.W.2d 177, 180 (Mo.App.1993), citing *State ex rel. Normandy Orthopedics v. Crandall,* 581 S.W.2d 829, 834 (Mo. banc 1979); see also *Titan Construction Co. v. Mark Twain Kansas City Bank,* 887 S.W.2d 454, 457–58 (Mo.App.1994). Satisfaction is an affirmative defense. *Rule 55.08.* Affirmative defenses must be pleaded and proved. *Rule 55.01; Brizendine v. Conrad,* 71 S.W.3d 587, 592–93 (Mo. banc 2002).

■ Dr. Wright argues that the *Titan* case does not apply because it was a contract action. By its terms, section 537.060 states that tort defendants are subject to "all other consequences of such [tort] judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract." A reduction under section 537.060 must be pleaded and proved as an affirmative defense. *Walihan,* 849 S.W.2d at 180.

Dr. Wright invokes *Julien v. St. Louis University,* 10 S.W.3d 150, 152 (Mo.App. 1999), for the proposition that a reduction under section 537.060 "may be filed, considered and ruled at any time after the entry of judgment." *Julien* does not specifically address the pleading requirement for a reduction under section 537.060. To the extent inconsistent with this opinion, *Julien* should no longer be followed.

Here, the issue of reduction under section 537.060 was not raised by the pleadings. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." *Rule 55.33(b).* In this case, there was no express consent. Dr. Wright argues implied consent, emphasizing that in both the release of and

stipulation with the two other defendants, the Normans reference section 537.060. In context, the Normans reference section 537.060 in order to retain all claims against Dr. Wright. The Normans did not consent to try the issue of reduction under section 537.060. See *American Samax Co. v. Cliff Packer Chevrolet, Inc.*, 588 S.W.2d 529, 531–32 (Mo.App.1979).

 Pleadings present, define, and isolate the issues, so that the trial court and all parties have notice of the issues. *Walker v. Kansas City Star Co.*, 406 S.W.2d 44, 54 (Mo.1966); see also *Weber v. Weber*, 908 S.W.2d 356, 359 (Mo. banc 1995); *Hesse v. Wagner*, 475 S.W.2d 55, 61 (Mo.1971); *Gerber v. Schutte Inv. Co.*, 354 Mo. 1246, 194 S.W.2d 25, 28 (1946). The relief awarded in a judgment is limited to that sought by the pleadings. *Brown v. Wilson*, 348 Mo. 658, 155 S.W.2d 176, 180 (1941); *Sveum v. J. Mess Plumbing, Inc.*, 965 S.W.2d 924, 927 (Mo.App.1998). The trial court should not have reduced the judgment, because Dr. Wright failed to plead and prove the affirmative defense of reduction under section 537.060.[2]

### III.

The judgment is reversed and the case remanded.

All concur.

**2.** In this case, the trial court denied Dr. Wright's post-trial motion for leave to amend his pleadings to include a request for a reduction under section 537.060. The Normans argued that "once defendant waived his right to seek apportionment under Section 538.230 R.S.Mo., and in direct reliance upon the fact that defendant elected to proceed to trial without affirmatively requesting an offset under Section 537.060 R.S.Mo., then plaintiffs drastically altered their trial strategy and did not request apportionment under Section 538.230 R.S.Mo., all to their severe prejudice. If apportionment had been submitted to the jury and a low percentage such as 10% had been allocated against the settling defendants, then the offset or verdict reduction would have only amounted to approximately $30,000 and plaintiffs' total recovery would have exceeded $370,000 under that example." This Court need not decide how late a trial court may permit amendment of the pleadings in order to request a reduction under section 537.060.